## CIRCUIT COURT OF FAIRFAX COUNTY

Ulerick

    v.

Kogon et al.

August 23, 1989

Case No. (Law) 90173

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on the defendants' motion for summary dismissal. The motion is granted to the extent explained below.

The allegations set forth in the plaintiff's motion for judgment are taken as true for purposes of this decision and establish the following factual background for this case: the plaintiff, Mr. Ulerick, and one of the defendants, Mrs. Ulerick, were married; during the course of their marriage Mrs. Ulerick engaged in an adulterous affair with the other defendant, Mr. Kogon; Mrs. Ulerick became pregnant and gave birth to a child; Ulerick believed he was the father of the child; both Mrs. Ulerick and Kogon knew or should have known that the father of the child was not Ulerick but instead was Kogon; neither Mrs. Ulerick nor Kogon informed Ulerick of the true paternity of the child; the Ulericks were divorced; subsequent to the divorce blood tests revealed that Kogon was the father of the child; prior to this revelation Ulerick provided financial support, through the defendants, to the child as if it were his own.

Ulerick sets forth three theories of recovery: (1)

intentional infliction of emotional distress, (2) conversion, and (3) abuse of process.

The defendants assert that the action is in substance a suit for alienation of affection, a cause that can no longer be prosecuted in Virginia.

Count I, the claim for intentional infliction of emotional distress, and Count III, the claim for abuse of process, can be analyzed without reference to the alienation of affection concerns and dismissed out of hand.

Count I must be dismissed in light of the recent Virginia Supreme Court case of *Ruth v. Fletcher*, 237 Va. 366 (1989). The factual matrix of *Fletcher* is not distinguishable from the case at bar. Thus, the Court is compelled to follow the *Fletcher* holding. A claim for intentional infliction of emotional distress in cases such as the one at bar will not stand absent allegations that the intent of the defendant's actions was to engender a deep relationship between the plaintiff and child with the ultimate goal of causing the plaintiff distress by permanently depriving the plaintiff of the parent-child relationship previously fostered. Ulerick's motion for judgment does not contain any allegations of the necessary ultimate intent.

Count III does not sufficiently state a cause of action for abuse of process. This type of action must be supported by allegations of (1) an ulterior motive and (2) an act in the use of process not proper in the regular prosecution of the proceeding, amounting to its perversion to some unlawful purpose. *Glidewell v. Murray-Lacy*, 124 Va. 563 (1919). The regular and legitimate use of process, although with bad intent, cannot stand as a basis for an abuse of process action. *Mullins v. Sanders*, 189 Va. 624 (1949). The motion for judgment states no allegation of any improper use, and in fact the allegations in question center around regular and legitimate proceedings during the course of a divorce action.

The remaining portion of the motion for judgment is Count II, a claim for conversion. Ulerick asserts that, through the defendants' failure to disclose the true paternity of the child, the defendants wrongfully came into possession of money meant for support of the child paid over by Ulerick. The defendants attempt to classify this suit as one for alienation of affection. If so classified

the claim would be barred by Section 8.01-220 of the Virginia Code. However, the elements of an alienation of affection action are: the wrongful conduct of the defendant, the loss of consortium and a causal connection between the conduct and the loss. 9B Michie's Jurisprudence, *Husband and Wife*, § 101. The claim at issue is not based on the loss of consortium and therefore is not an action for the alienation of affection.

Despite this holding, the Court finds compelling reasons grounded in the same public policy that led to the abolition of alienation of affection actions to bar a portion of Count II. The overwhelming public policy in this state is to uphold the institution of marriage. Actions sanctioned by the state are meant to encourage the parties to maintain their precious union and keep their relationship intact. Ulerick would have the Court sanction his assertion that Mrs. Ulerick had a duty to disclose her adulterous conduct during the course of their marriage. To encourage the disclosure of adulterous conduct would foster the destruction of matrimonial bonds and thus would contravene the substantial public interest in preserving the marital state. The Court therefore rules that Mrs. Ulerick had no duty to disclose to her husband her adulterous conduct during the course of their marriage. Any claim that has as its basis Mrs. Ulerick's non-disclosure during marriage fails as a matter of law.

The Court further finds that after the bonds of matrimony were severed by divorce, public policy considerations would not interfere with a claim based on Mrs. Ulerick's continued non-disclosure of her affair (and, consequentially, the true paternity of the child). Thus, Count II states an appropriate cause of action for any support that Ulerick made subsequent to the time the divorce was final.

The Court would note that a similar limitation would befall Counts I and III had they properly stated a cause of action.